## MARGOLIS v. KINGON.

1. Equity—Clean Hands—Application of Maxim to Defendants.
   Although, generally, maxim that he that comes into equity court must come with clean hands does not apply to defendants, it does apply where defendants come seeking affirmative relief.

2. Vendor and Purchaser—Foreclosure—Fraud.
   In suit to foreclose land contract, for accounting, and other relief, decree for plaintiff on ground that defendants were guilty of conspiracy to defraud her, *held,* warranted by testimony.

Appeal from Wayne; Parker (James S.), J., presiding. Submitted October 21, 1931. (Docket No. 161, Calendar No. 35,312.) Decided March 2, 1932.

Bill by Lillian Margolis against Robert F. Kingon and others to foreclose a land contract and for other relief. Decree for plaintiff. Defendants appeal. Affirmed.

---

Maxim: He who comes into equity must come with clean hands, see annotation in 4 A. L. R. 44.

*David Keller (Wm. Henry Gallagher,* of counsel), for plaintiff.

*David N. Harper,* for defendants.

POTTER, J.    Benjamin Serlin and wife were the owners in fee of the lands and premises in controversy in this suit.    They sold these premises on land contract which contract by mesne assignments was transferred to the plaintiff, Lillian Margolis, a foreigner by birth, whom the trial court characterizes as intensely ignorant, illiterate, uneducated, and dull.    Defendants Robert F. Kingon, Joseph Sarnoff, and Frank W. Claxton were all real estate dealers working out of the same office in Detroit. When plaintiff made the contract with defendants Kingon, sought to be foreclosed, Sarnoff represented her.    A fiduciary relation existed between plaintiff and defendant Sarnoff.    The property was sold for $25,000, $13,000 of which was paid in by the transfer of a farm to plaintiff and the balance of $12,000 was to be paid in at the rate of $90 a month.    Defendant Sarnoff loaned plaintiff a small sum of money at the time this contract was made, and she assigned to him as security for the repayment of this sum a one-half interest in the contract with defendants, and in the farm acquired.    The trial court found defendants Robert F. Kingon, Sarnoff, and Claxton were all working together in the transaction here involved.

Kingon neglected to pay plaintiff the instalments due upon the contract, and she was thereby rendered unable to pay the amounts due upon her contract with Serlin and wife.    Serlin and wife began summary proceedings against plaintiff and Sarnoff, and recovered judgment of ouster, there being found to

be due more than $1,000. Sarnoff assigned his interest in the contract to Claxton, who redeemed from the sale. Kingon then ceased to recognize plaintiff, claiming her rights were forfeited, and paid the instalments due upon the contract to Serlin and wife. Plaintiff filed a bill to foreclose the land contract made with Kingon and wife, for an accounting, receiver, decree for deficiency, and removal of cloud from title. Defendants Kingon and wife ask to be subrogated to the rights of plaintiff and Sarnoff, and thereby to be made vendees of Serlin and wife, and for other relief. From a decree for plaintiff fixing the amount due from Kingon and wife to her, all defendants appeal. The testimony is conflicting. The trial court found the record replete with perjury and defendants guilty of conspiracy to defraud plaintiff. Defendants Kingon claim the maxim "That he that comes into equity must come with clean hands," does not apply to defendants. *Leland v. Ford,* 245 Mich. 599. This is the general rule, but if the defendants come into a court of equity seeking affirmative relief, as in this case, the rule applies. 1 Pomeroy Equity Jurisprudence (4th Ed.), § 401; *Commonwealth* v. *Filiatreau,* 161 Ky. 434 (170 S. W. 1182); *Leland* v. *Ford, supra.*

We think the trial court's conclusion warranted by the testimony. Decree affirmed, with costs.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.